IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JACQUELINE BEENE | § | PLAINTIFF |
| | § | |
| V. | § | Civil No. 1:08CV1331-HSO-JMR |
| | § | |
| V. MAI DIHN and STATE FARM | § | |
| MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY | § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER DENYING
## PLAINTIFF'S MOTION TO REMAND

This cause comes before the Court upon the Motion of Plaintiff Jacqueline Beene, filed November 7, 2008 [3-1], to Remand the above styled and numbered civil action to the County Court of Harrison County, Mississippi. Defendant State Farm Mutual Automobile Insurance Company ["State Farm"] filed a Memorandum in Opposition on November 19, 2008 [4-1]. The Court, having considered the pleadings on file, the briefs and arguments of the parties, and the relevant legal authorities, finds that Plaintiff's Motion to Remand should be denied.

## I. FACTS AND PROCEDURAL HISTORY

This action stems from an automobile accident which occurred on or about August 8, 2005, in Biloxi, Mississippi. *See* Compl., at ¶ 4. Plaintiff contends that Defendant V. Mai Dihn ["Dihn"] negligently caused the accident, resulting in damages to her vehicle. *See id.*, at ¶¶ 4-6. Plaintiff maintains that State Farm, Dihn's insurer, instructed her to take her vehicle to Ferguson Automotive ["Ferguson"] in order to complete the necessary repairs. *See id.*, at ¶ 8.

Plaintiff states that she took her vehicle to Ferguson on August 16, 2005, and

that at some time thereafter, Ferguson commenced repairs. *See id.*, at ¶¶ 10-11. She contends that due to directions from State Farm that refurbished and/or less expensive parts be used in the repair of her vehicle, Ferguson had not yet finished repairs at the time Hurricane Katrina struck the Mississippi Gulf Coast, such that the vehicle was still in Ferguson's possession. *See id.*, at ¶¶ 11-12. Due to these directives from State Farm, Plaintiff asserts that her vehicle was further damaged during Hurricane Katrina, and thereby rendered a total loss. *See id.*, at ¶ 13. Plaintiff claims that she suffered loss of use of her vehicle and loss of personalty contained in the vehicle. *See id.*, at ¶ 14.

Plaintiff originally filed suit on May 29, 2008, in the County Court of Harrison County, Mississippi. *See* Compl. [1-3]. State Farm removed the case to this Court on October 15, 2008, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Notice of Removal, at p. 3. It is undisputed that Plaintiff is a citizen of Mississippi, Dihn is a citizen of Alabama, and State Farm is an Illinois corporation. *See id.*, at ¶ 2. Plaintiff filed the present Motion to Remand [3-1] on November 7, 2008.

## II. DISCUSSION

A. Standard of Review

28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction. *See* 28 U.S.C. § 1441. Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000,

2

exclusive of interest and costs, and is between…citizens of different States…." 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *See Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1,* 665 F.2d 594, 595 (5th Cir. 1982). For this reason, removal statutes are subject to strict construction. *See Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (*citing Willy*, 855 F.2d at 1164). The party seeking removal, State Farm in this case, bears the burden of establishing federal jurisdiction over the state court suit. *See Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Willy*, 855 F.2d at 1164.

B. Motion to Remand

In her Motion to Remand, Plaintiff argues that diversity jurisdiction is lacking. *See* Mot. to Remand, at pp. 2-4. She also alleges that removal was improper because State Farm did not obtain Dihn's consent to the removal. *See id.*, at p. 5.

1. Diversity Jurisdiction

Plaintiff contends that the amount in controversy does not exceed $75,000.00, such that this Court lacks diversity jurisdiction. *See* Mot. to Remand, at pp. 2-4. State Farm counters that the damages sought in Plaintiff's Complaint establish

3

that the amount in controversy exceeds $75,000.00. *See* Mem. Brief in Opp'n to Mot. to Remand, at pp. 2-3.

Other than a statement that Plaintiff is seeking daily compensation for the loss of her vehicle of not less than $50.00 per day, Plaintiff makes no specific demand for damages in her Complaint. *See* Compl., at ¶ 18. There is no *ad damnum* clause. *See id.* The Fifth Circuit Court of Appeals has explained that

> "[w]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds" the jurisdictional amount. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). This burden may be fulfilled in one of two ways. First, jurisdiction will be proper if "it is facially apparent" from the plaintiffs' complaint that their "claims are likely above [$75,000]." [*Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)]. If the value of the claims is not apparent, then the defendants "may support federal jurisdiction by setting forth the *facts*-[either] in the removal petition [or] by affidavit-that support a finding of the requisite amount." *Id.*

*Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003) (emphasis in original).

One thousand one hundred sixty-four (1,164) days elapsed from the date of the accident, August 8, 2005, until the date of the removal, October 15, 2008. At $50.00 per day for loss of us, as claimed by Plaintiff, her loss of use damages would have totaled $58,200.00 on the date of removal. Even assuming her loss of use claim did not begin until August 29, 2005, the date Hurricane Katrina struck, claimed damages would be $57,150.00. In addition to loss of use damages, Plaintiff seeks compensation for the total loss of her 1995 Nissan Maxima, the loss of personalty in her vehicle, and an unspecified amount of punitive damages for Defendants' alleged gross negligence, malice, or reckless disregard for Plaintiff's

4

rights. *See* Compl., at ¶¶ 18-20.

> It is well settled that, if Mississippi law permits punitive damages attendant to the particular claims the plaintiff is seeking redress for, then those damages are included in computation of the amount in controversy.... Indeed, federal courts sitting in Mississippi have routinely held that unspecified claims for punitive damage sufficiently serve to bring the amount in controversy over the requisite jurisdiction threshold set out in 28 U.S.C. § 1332.

*Conner v. First Family Financial Services, Inc.*, No. 4:01cv242, 2002 WL 31056778, at *8 (N.D. Miss. August 28, 2002)(internal citations omitted).

Plaintiff's claims for gross negligence, malice, and reckless disregard for her rights, if proven at trial, could result in the imposition of punitive damages. "Since any award of punitive damages based on such [] claims when added to compensatory damages, if proven true, would clearly be greater than $75,000, the Court concludes that the amount in controversy threshold is met on the face of [Plaintiff's] [C]omplaint." *Conner*, 2002 WL 31056778 at *8. The Court is of the opinion that the amount in controversy in this case is in excess of $75,000.00, exclusive of interest and costs. The Court therefore has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

　　2.　　Dihn's Consent to Removal

Plaintiff contends that removal was improper because State Farm failed to obtain co-Defendant Dihn's consent to the removal. *See* Mot. to Remand, at ¶ 13. Plaintiff and State Farm agree that, at the time of removal on October 15, 2008, Defendant Dihn had not been served with process. *See id.*, at ¶ 7; Mem. in Opp'n to Mot. to Remand, at p. 3; *see also* Letter to Dihn from Secretary of State, attached as Ex. "A" to Mot. to Remand (stating that the Secretary of State was served with

5

process on November 3, 2008, and providing copy of process to Dihn).

The Fifth Circuit has held that

> all defendants who are properly joined and *served* must join in the removal petition . . ., and that failure to do so renders the petition defective . . . . [I]f a removal petition is filed by a served defendant and another defendant is served after the case is thus removed, the latter defendant may still either accept the removal or exercise its right to choose the state forum by making a motion to remand.

*Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988) (emphasis added) (*citing* 28 U.S.C. § 1448; *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986); *Harris v. Edward Hyman Co.*, 664 F.2d 943, 944 & n.3 (5th Cir. 1981)).

There is no dispute in this case that Dihn had not been served with process at the time the case was removed. His prior consent to removal was therefore not required under the facts of this case.

### III. CONCLUSION

For the reasons stated herein, the Court is of the opinion that Plaintiffs' Motion to Remand must be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiff's Motion to Remand [3-1] the above styled and numbered cause to state court, filed November 7, 2008, should be, and is, hereby **DENIED**.

**SO ORDERED AND ADJUDGED,** this the 6th day of March, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE